

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00051-CV

---

MARKEYE BONNER, APPELLANT

V.

MEZZO GARDENS LP, APPELLEE

---

On Appeal from the County Court at Law No. 2
Denton County, Texas[1]
Trial Court No. CV-2025-04163-JP, Honorable Robert Ramirez, Presiding

---

June 29, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Markeye Bonner,[2] Appellant, appearing pro se, appeals from the trial court's judgment in favor of Appellee, Mezzo Gardens, L.P. Through three issues, Bonner argues: (1) the trial court lacked jurisdiction due to misidentification; (2) the defect

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE § 73.001. We apply the Second Court's precedent to the extent it conflicts with our own. See TEX. R. APP. P. 41.3.

[2] The record indicates Bonner is the representative for Mikells Florist, LLC. We will therefore refer to both Mikells, Florist, LLC and Bonner as "Bonner."

rendered the judgment void; and (3) he was denied a meaningful opportunity to be heard.[3]

We affirm.

## BACKGROUND

In April 2025, Mezzo Gardens and Mikells Florist, LLC,[4] represented by Bonner, entered into a residential lease agreement for an apartment in Aubrey, Texas. Bonner breached the lease by failing to make agreed-upon payments when due. In August 2025, Mezzo Gardens sent Bonner a written notice to vacate and demanded possession of the property. Bonner did not vacate and surrender the property.

Mezzo Gardens then filed a forcible detainer action. The incorrect spelling of Mikells Florist, LLC was used in the original petition. The justice court awarded judgment in favor of Mezzo Gardens and Bonner appealed to County Court at Law No. 2 in Denton, County, Texas. An amended petition was filed in that court, correcting the spelling of Mikells Florist, LLC.

Prior to a de novo trial, the parties discussed settlement. On the day of trial, the parties again discussed settling the matter. After a short recess, the parties announced they had reached a Rule 11 agreement. The agreement was read into the record. The

---

[3] Bonner contends the trial court refused to hear his arguments and complained that the trial court would not permit him to represent his limited liability corporation because he is not an attorney. He stated he was representing himself as an individual and as the managing member of his limited liability company. Therefore, he posited, he could not have appeared as a corporate representative. We note, however, that legal entities, including a limited liability company, may appear in a district or county court only through a licensed attorney. *See Sherman v. Boston*, 486 S.W.3d 88, 95–96 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). The trial court was thus correct in refusing to allow Bonner to represent his limited liability company in the proceedings below.

[4] Mikells Florist, LLC was misspelled on the lease as "Mikells Flonst, LLC." This led to the use of the incorrect spelling in Mezzo Garden's initial pleading. As noted herein, this was later corrected.

trial court entered a final written judgment[5] pursuant to the Rule 11 agreement awarding past due rent and post-judgment interest.

## ANALYSIS

Bonner raises three issues in his appellate brief. Mezzo Gardens argues he has waived his complaints for appellate review for two reasons: (1) he has failed to comply with Rule 38.1 of the Texas Rules of Appellate procedure and (2) he failed to object to the Rule 11 Agreement below. We agree and overrule each of Bonner's appellate issues.

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App.—Amarillo 2000, no pet.). At both trial and on appeal, the pro se appellant must properly present their case. *Id.* The rules of appellate procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i).

An appellate issue unsupported by argument or citation to the record or by appropriate legal authority presents nothing for our review. *Blankinship v. Brown*, 399 S.W.3d 303, 307 (Tex. App.—Dallas 2013, pet. denied). "An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). "Were we to do so, even on behalf of a *pro se* appellant,

---

[5] The final written judgment describes the parties as "MEZZO GARDENS LP is the Plaintiff, and MARKEYE BONNER IN THEIR CAPACITY AS CORPORATE REPRESENTATIVE FOR MIKELLS FLORIST LLC, and/or ALL OCCUPANTS of 703 FM 1385 #11305, AUBREY, TX 76227, is the Defendant (whether one or more)."

we would be abandoning our role as neutral adjudicators and become an advocate for that party." *Id.  See also Roberts v. City of Tex. City*, No. 01-21-00064-CV, 2021 Tex. App. LEXIS 9623, at *3–4 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) (discussing requisites of appellate briefs); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied) (discussing same).

Here, Bonner filed an appellate brief on April 17, 2026.  By letter dated April 20, 2026, this Court informed him of deficiencies in the brief and informed him that failure to correct said deficiencies could result in waiver.  Bonner filed a corrected brief on May 5, 2026, but failed to correct the deficiencies.  We find Bonner has failed to comply with Rule 38.1 concerning appellate briefing rules.  *See* Tex. R. App. P. 38.1.  Among other deficiencies, he has not provided this Court citation to appropriate, relevant case law to support his contentions and has failed to provide appropriate citations to the record.  Tex. R. App. P. 38.1(i).  Further, he has failed to provide substantive legal analysis of his issues.  *Id.*  These failures result in waiver of his appellate issues and present nothing for our review.  *Blankinship*, 399 S.W.3d at 307.  *See also Gonzalez v. VATR Constr., LLC*, 418 S.W.3d 777, 784 (Tex. App.—Dallas 2013, no pet.) (noting same); *Floyd v. Floyd*, No. 02-23-00193-CV, 2024 Tex. App. LEXIS 5689, at *3–4 (Tex. App.—Fort Worth Aug. 8, 2024, no pet.) (mem. op.) (failure to cite legal authority, failure to cite to the record, and failure to provide substantive analysis of the legal issues presented results in waiver and applies to pro se litigants).

Furthermore, to preserve error on appeal, Rule 33.1 requires the record to show (i) that the complaint was made to the trial court by a timely request, objection or motion that stated the grounds for the complaint with sufficient specificity to make the trial court

4

aware of the complaint; and (ii) that the trial court expressly or implicitly ruled on the request, objection or motion. TEX. R. APP. P. 33.1; *Henry v. City of Fort Worth*, No. 02-09-00065-CV, 2010 Tex. App. LEXIS 1201, at *5–6 (Tex. App.—Fort Worth Feb. 18, 2010, pet. denied) (mem. op.).

In the case before us, the record reflects the parties reached a Rule 11 agreement. The agreement was made in open court and entered of record. *See Henry*, 2010 Tex. App. LEXIS 1201, at *7 (stating, "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, *or unless it be made in open court and entered of record*") (emphasis in original). When the trial court asked if the agreement was the agreement of the parties, Bonner said, "I guess, the only thing we didn't talk about was—I don't understand how you could—against Mikells Florist when the contract wasn't with Mikells Florist."[6] After some discussion, the trial court again asked if the Rule 11 agreement read into the record was the agreement or if they should proceed to trial on the matter. Bonner said, "Yes, it's an agreement." At no time did Bonner object to the Rule 11 agreement or argue there was not an agreement. Therefore, he cannot now challenge the trial court's final judgment entered pursuant to that agreement. *See Henry*, 2010 Tex. App. LEXIS 1201, at *12

---

[6] We note that this case involved a misnomer which arises when a party is misnamed but the correct parties are involved. *In re Greater Hous. Orthopedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (per curiam). When the correct party sues or is sued under the incorrect name, the trial court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error. *Sheldon v. Emergency Med. Consultants.*, 43 S.W.3d 701, 702 (Tex. App.—Fort Worth 2001, no pet.). In this case, the correct parties were served, and Bonner appeared. Mezzo Gardens corrected the name in the subsequent pleading. Bonner did not raise an objection on this point with the trial court, nor did he present evidence that he was misled as to who Mezzo Gardens intended to sue or that he was placed at some disadvantage by the misspelling. Therefore, Bonner cannot now raise this issue. *Id.* at 703 (finding same).

(once the trial court renders judgment based on a Rule 11 settlement agreement, the parties cannot revoke their consent to the agreement).

Given the foregoing, we overrule Bonner's issues.

## CONCLUSION

Having resolved Bonner's issues against him, we affirm the judgment of the trial court.

Alex Yarbrough
Justice
